## Mary Kane *v.* The City of Philadelphia, Appellant.

*Municipal law—Sidewalks—Negligence—Question for jury.*

Where an accident occurred from the alleged removal by the city of steps to a sidewalk, it was proper to leave the question of the city's responsibility to the jury, dependent upon an affirmative finding on these questions: (1) That the steps had been on the street; (2) that they had been removed by the agents or employees of the city in doing the work of grading, and that in consequence the plaintiff had sustained injury.

Argued Oct. 22, 1897. Appeal, No. 134, Oct. T., 1897, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1897, No. 114, on verdict for plaintiff. Before Rice, P. J., Wickham, Beaver, Reeder, Orlady and Porter, JJ. Affirmed.

Trespass for personal injuries. Before Arnold, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Errors assigned* among others were (1) in refusing binding instructions for defendant. (2) In charging the jury as follows: "If you find that the steps were there, and were removed by any person doing work for the city, the city is responsible and must pay the damages caused thereby." (3) In charging the jury as follows: "If you are of the opinion, however, that the steps were there, and were removed by the employees of the city, or the agents of the city, in doing the work of the city, and that by reason thereof the plaintiff was injured, then you may proceed to assess damages, giving her compensation for the suffering she has undergone," etc.

*E. Spencer Miller*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellant.—The slope was not dangerous, save perhaps at night.   People cannot travel safely in any rural section after dark:   Monongahela City v. Fischer, 111 Pa. 9 ; Devlin v. Philadelphia, 13 W. N. C. 338 ; Borough v. Neff, 102 Pa. 474.

A municipality is not bound, under penalty of damages, to maintain private works which extend into the highway.   We may perhaps admit that it would have been more considerate to do so, but such a liability is not upon the city where it only performs lawful public work upon the surface of a highway duly opened:   Goodin v. Des Moines, 55 Iowa, 67.

*W. A. Manderson*, with him *Francis Tracy Tobin*, for appellee.—The street, though incomplete, was under the jurisdiction of the city, which, permitting the cut, was bound to provide such safeguards as would afford reasonable security to the moving public:   Covington City v. Bryant, 7 Bush (Ky.), 248.

In the case of excavations in public places, it is the duty of those in charge to so guard and fence them, or at least to give warning notice of their existence, as will keep others using ordinary caution from falling into them :   Myers v. Snyder ; Brightly's Rep. 489 ; Biggs v. West Newton, 164 Pa. 341.

OPINION BY WICKHAM, J., March 21, 1898 :

On the evening of October 8, 1893, after dark, the plaintiff and her sister were on their way homewards from a visit to a friend.   They followed a board sidewalk, on and along the west side of Sixty-second street, from Buist avenue to Elmwood avenue at the point where the latter crosses Sixty-second street.   This sidewalk was about three feet higher than the driveways on Elmwood avenue and Sixty-second street, and had formerly been connected with the avenue at the southwest corner of that highway and Sixty-second street by two or three steps, protected by a hand rail and extending out on Elmwood avenue perhaps three feet.   About a year earlier, the plaintiff had last passed along the same sidewalk and used the steps.   On the present occasion the night was dark, and the streets unlighted. The plaintiff, who was walking ahead of her sister, assumed that the steps were still there, as she had known them, until suddenly

and without warning she stepped over the bank and down into Elmwood avenue, which had been graded by the city two or three months before. At the time of the grading the steps were removed. The accident caused the plaintiff serious bodily injuries.

The manner in which the case was submitted to the jury necessarily required them, in order to render a verdict for the plaintiff, to find that the steps had been on the street, that they had been removed by the agents or employees of the city in doing the work of grading, and that in consequence the plaintiff had sustained injury. All these facts were found in the affirmative, on sufficient evidence. It was not denied that the place was dangerous, unprotected and unlighted, nor is it alleged that the plaintiff is chargeable with any contributory negligence.

It is said, however, that the sidewalk and steps had been constructed by a private owner of land in the vicinity, and that Sixty-second street, although it appears on the city map, was never "legally," that is, formally, opened by the city. It may be true that the sidewalk and steps were made voluntarily, at some time in the past, by a private person or persons, but it is equally true, and was undenied at the trial, that Sixty-second street had been for a long time physically opened and used by vehicles and pedestrians, and that all the public foot travel was along and over the board walk and steps. Furthermore, it is not contended that Elmwood avenue, whereon the steps were built, had not been opened in the most technical sense of that word.

None of the authorities cited by the learned counsel for the defendant satisfy us that the court below committed any error in the trial of the cause.

Judgment affirmed.